## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Ebru Karapinar, | ) | Case No. 13-03526 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

### NOTICE OF MOTION

TO: SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on Tuesday, April 16, 2019, at 9:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 at 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the attached **Motion to Approve Settlement And To Allow Final Compensation** at which time and place you may appear if you so desire.

CATHERINE STEEGE, not individually but as Chapter 7 Trustee for the bankruptcy estate of Ebru Karapinar

BY: ___/s/ Catherine Steege___
    One of Her Attorneys

Catherine Steege (06183529)
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
PH:   312/923-2952
FAX: 312/840-7352

## CERTIFICATE OF SERVICE

I, Catherine Steege, certify that I caused a copy of the foregoing **Motion to Approve Settlement And To Allow Final Compensation** to be served upon the parties listed on the attached Service List by depositing same in the U.S. Mail receptacle located at 353 N. Clark Street, Chicago, Illinois, on March 25, 2019.

/s/ Catherine Steege
Catherine Steege

## SERVICE LIST

Office of the United States Trustee
Suite 800
219 S. Dearborn Street
Chicago, IL  60604

Ebru Karapinar
41 E. 8th Street
Unit 2A
Chicago, IL  60605

Bank of America
PO Box 982235
El Paso, TX 79998-2235

Chase Card Services
PO Box 15298
Wilmington, DE 19850

Comenity Bank/VCTRSSEC
PO Box 182789
Columbus, OH 43218-2789

Nordstrom FSB
PO Box 13589
Scottsdale, AZ 85267-3589

Rush University Medical Center
PO Box 4075
Carol Stream, IL 60197-4075

VSAC Federal Loans
1 Main Street
Winooski, VT 05404

Jeffrey E. Miszczyszyn
Idrizi & Associates
1300 W. Higgins Road, Suite 214
Park Ridge, IL  60068

Affiliated Radiologists S.S.
Dept. 4104
Carol Stream, IL 60122-4104

Capital One
PO Box 30281
Salt Lake City, UT 84130

Citicards CBNA
PO Box 6241
Sioux Falls, SD 57117-6241

Macy's/DSNB
PO Box 8218
Mason, OH 45040-8218

North Park Clinic
444 N. Northwest Highway
Suite 345
Park Ridge, IL 60068

Sallie Mae
PO Box 9500
Wilkes Barre, PA 18773-9500

Zales CBSD
PO Box 6497
Sioux Falls, SD 57117-6497

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Ebru Karapinar, | ) | Case No. 13-03526 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |

## MOTION TO APPROVE SETTLEMENT AND TO ALLOW FINAL COMPENSATION

Catherine Steege, not individually but as Trustee for Ebru Karapinar (the "Trustee"), respectfully requests that the Court enter an order approving a settlement of a malpractice claim and authorizing payment of final compensation to counsel and states:

1. On January 30, 2013, Ebru Karapinar (the "Debtor") filed a petition for relief under chapter 7 of title 11 of the United States Code. Thereafter, the Trustee was appointed. After examining the debtor on April 18, 2013, the Trustee filed a Report of No Assets. On May 24, 2013 the chapter 7 case was closed.

2. On January 23, 2019, the Court reopened the case and the U.S. Trustee reappointed the Trustee.

3. The Debtor did not schedule any litigation claims. On December 27, 2018, the Debtor's counsel advised the Trustee of a pre-petition malpractice claim the Debtor had against a former attorney that had been settled and was the subject of a lawsuit pending in the Circuit Court of Cook County, *Karapinar v. Lerner, et al.*, 2014 L 62033.

4. The Debtor and Defendants reached a settlement of the lawsuit subject to this Court's approval. Under the proposed settlement, Defendants will pay $76,000 in full settlement, accord and satisfaction for any and all claims against them that have been asserted by the Debtor arising out of the alleged malpractice. A copy of the settlement agreement is attached hereto as Exhibit A.

5. The Trustee believes that the proposed settlement is fair and reasonable and in the best interests of this estate and its creditors. The proposed settlement is fair and reasonable because it falls within the range of reasonable litigation alternatives given the risks of litigation. The Debtor also has agreed to the settlement.

6. The Debtor retained counsel on a 25% contingency fee basis. The Trustee also requests that the Court approve payment of counsel's contingent fees and his expenses. Based upon the settlement, the contingent fee would be $19,000. *See* Exhibit B.

7. The Trustee has served a copy of this motion and given twenty-one days notice of the hearing to all counsel of record, the Debtor, and all known creditors.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

A. Authorizing the Trustee to compromise the claim against Defendants by accepting the sum of $76,000.00 paid in cash at the time of closing;

B. Authorizing the Trustee to take all actions and execute all documents necessary to implement the settlement with Defendants;

C. Authorizing the Trustee to pay $19,000 to Lane Legal Services P.C. as their reasonable compensation; and

D. Granting such other relief as may be just.

Respectfully Submitted,

CATHERINE STEEGE, not individually but as
Chapter 7 Trustee for the bankruptcy estate of
Ebru Karapinar

BY: _____*/s/ Catherine Steege*_____
One of Her Attorneys

Catherine Steege (6183529)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
PH:   312/923-2952
FAX: 312/840-7352
Dated:  March 25, 2019

2

# EXHIBIT A

## GENERAL RELEASE AND SETTLEMENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS, that Ebru Karapinar, and Catherine Steege as Trustee for Ebru Karapinar (hereinafter referred to as "RELEASORS"), for the sole consideration of SEVENTY SIX THOUSAND DOLLARS AND ZERO CENTS ($76,000.00), the receipt of which is hereby acknowledged, said consideration being paid to the RELEASORS by and on behalf of <u>Jeffrey Michael Lerner, Jeffrey M. Lerner, Ltd., Kolpak and Lerner, the Estate of Jeffery Lerner, Liberty Mutual Insurance Underwriters and their affiliated companies and their respective agents, servants, employees, predecessors, successors, insurers, re-insurers, administrators, executors, assigns, subsidiaries, divisions, and all other corporations affiliated with or acquired by them</u> (all the foregoing parties designated by underlining are hereinafter referred to individually and collectively as "RELEASEES"), hereby release RELEASEES from any and all claims, actions, causes, causes of actions, counterclaims, cross-claims, liens, suits, debts, liabilities, damages, personal and property injuries, loss of wages, loss of earning capacity, duties, sums of money, acts, reckonings, bonds, rights, including rights of indemnity and/or subrogation, costs, expenses, attorneys' fees, compensations, contributions, set-offs, reimbursements, subrogation specialties, covenants, contracts, controversies, agreements, promises, or any claim either in law, contract or in equity, which the RELEASORS individually or in a representative capacity may have against any or all of the RELEASEES individually, upon and by any matter, cause or thing whatsoever from the beginning of the world to the date of these presents, which arose,

1

arises or shall arise from or out of any fact, event, transaction or occurrence directly or indirectly from or out of:

(a) The action for damages, brought or which could have been brought, known or unknown, by Ebru Karapinar or Catherine Steege as Trustee, in the action filed in the Circuit Court of Cook County, Chicago, Illinois, Court No. 14 L 62033 entitled <u>Ebru Karapinar v. Jeffery Michael Lerner, Individually, and as agent of Jeffrey M. Lerner, Ltd, an Illinois Professional Corporation, and d/b/a Kolpak and Lerner, a Partnership Including a Professional Corporation</u>, and any and all allegations in any of the pleadings filed therein, including amended complaints filed therein;

(b) Any alleged acts or omissions constituting legal malpractice or breach of fiduciary duty dealing with or relating to RELEASORS by the RELEASEES.

WHEREAS, in 2013, Ebru Karapinar filed for Chapter 7 bankruptcy in the Northern District of Illinois, Case No. 13 B 03526 (hereinafter referred to as "Bankruptcy Proceedings"), the parties hereto agree to the payment of the full settlement amount in the manner that follows. RELEASEES agree to pay Seventy-Six Thousand dollars ($76,000.00) to RELEASORS by means of a check made payable to "Catherine Steege as Trustee for Ebru Karapinar." This payment fully covers the settlement amount to be paid to Ebru Karapinar and her attorneys including any attorney fees and her counsel will not request any additional fees or costs from RELEASEES. It is understood and agreed that Catherine Steege as the Trustee for Ebru Karapinar may use some or all of the settlement proceeds to satisfy claims made in the bankruptcy proceedings and any costs associated with the bankruptcy proceedings. It is further understood and agreed that there may not be any settlement funds remaining or paid to Ebru Karapinar and/or her attorney, Lane Keyfli Law, Ltd. f/k/a Lane Legal Services, P.C.

This Release is intended to affect a general and complete release of all claims and actions which RELEASORS, now have or may acquire against RELEASEES, including but not limited to liability, damages or loss of any kind arising out of those matters more fully described in subparagraphs (a) and (b) above.

RELEASORS understand that this is a Release in Full, and that the RELEASORS will never again be able to recover damages or monies of any kind from any of the RELEASEES for matters as identified herein, including but not limited to those matters as more fully set forth in subparagraphs (a) and (b) above. RELEASORS will never institute any action against RELEASEES, or prosecute in any way any of the claims, demands or actions for damages, losses, injury or expenses arising out of those matters as indicated herein and more fully set forth in subparagraphs (a) and (b) above. This Release is therefore an insurance policy release as against the RELEASEES, as well as a release for any and all damages.

IT IS FURTHER UNDERSTOOD AND AGREED that the RELEASORS shall have the sole obligation to satisfy from the proceeds of this settlement, all outstanding liens on the settlement payment of any sort or type whatsoever, including, but not limited to, all workers' compensation liens, creditor liens, governmental liens, subrogations, subrogation interests, and attorneys' liens. The RELEASORS agree to defend, indemnify and hold harmless each of the RELEASEES and their attorneys, including the law firm of BULLARO & CARTON, P.C., from and against any claims by any person or party asserting any unsatisfied lien or claim of any kind on the settlement payment arising from any source.

3

IT IS FURTHER UNDERSTOOD AND AGREED between the RELEASORS and the RELEASEES that this settlement is made in good faith as a result of arms-length bargaining and that no collusion or undue influence was exerted by any party in reaching this settlement and that this settlement is made truly for the purposes of ending any pending or potential litigation, liability or dispute which may arise out of the matters as recited herein, including but not limited to those matters as more fully set forth in subparagraphs (a) and (b) above.

The RELEASORS acknowledge that:

(a) That the RELEASORS have received a copy of this AGREEMENT and certify that the RELEASORS have carefully read this Release, know and understand its contents, and voluntarily signs this AGREEMENT of the RELEASORS' own free will.;

(b) RELEASORS understands that this is a settlement agreement and release of all claims as recited herein and more fully described in subparagraphs (a) and (b) above;

(c) RELEASORS have had the advice of legal counsel with respect to this Release;

(d) The RELEASORS intend to be bound personally and legally by this document; and

(e) The RELEASORS have authority individually and in any representative capacity to sign this Agreement with respect to any rights the RELEASORS have in any representative capacity.

THIS GENERAL RELEASE AND SETTLEMENT AGREEMENT contains the entire AGREEMENT of the parties. The terms of this AGREEMENT are contractual, and not mere recitals.

THE RELEASORS HEREBY REPRESENT AND WARRANT that the RELEASORS have not previously assigned or transferred or attempted to have signed or transferred to any person or entity any of the RELEASORS' rights or claims which have been released herein.

This AGREEMENT may be executed simultaneously or in one or more counterparts, including by the use of facsimile copies thereof, each of which shall be an original, but together shall constitute the entire instrument.

IN WITNESS WHEREOF, the undersigned RELEASORS cause this General Release and Settlement Agreement to be executed on the day and date set forth below.

I/we have hereunto set my/our hand(s) and seal(s) this \_\_\_\_ day of _____, 20\_\_\_\_.

_____
Ebru Karapinar

Subscribed and sworn to before me
this \_\_\_\_ day of _____, 2019.

_____
Notary Public

5

_____
Catherine Steege as Trustee of Ebru
Karapinar

Subscribed and sworn to before me
this 25th day of March, 2019.

_____
Notary Public

OFFICIAL SEAL
SUSAN K. PRIPUSICH
Notary Public - State of Illinois
My Commission Expires 1/31/2020

6

# EXHIBIT B


Lane Legal
SERVICES P.C.

*Nejla Kassandra Lane, Esq\**
*Stephen Kenji Le Brocq, Esq.*
*Nicholas R. Lange, Esq.*
*Michael Piston, Of Counsel*
*Theodore Birndorf, Of Counsel*
*Attorneys & Counselors at Law*
Civil · Criminal · Family · Immigration

Email: info@lanelegalservices.com
Nejla Lane: lanen@lanelegalservices.com
Stephen Le Brocq: lebrocqs@lanelegalservices.com

\*Also licensed in Michigan

## LEGAL REPRESENTATION AGREEMENT

**THIS AGREEMENT** is entered into as of this 17th day of June 2014, by and between **undersigned individual(s)** (hereinafter referred to as "client/s"), and Lane Legal Services, P.C., Nejla K. Lane and/or Stephen K. Le Brocq (hereinafter referred to as "Counsel").

A. **SCOPE OF AGREEMENT:**
   a. **Parties involved:** the client hereby desires, and has engaged with Counsel to undertake the legal representation of the client in regard to legal services involving: (check box)
   b. (|Civil/X   /|Criminal/       |Immigration/      |).
      Legal Malpractice against former divorce lawyer Jeffrey Lerner – Kolpak & Lerner.
   c. **Counsel Functions:** By terms of this agreement, Counsel will perform the following legal services relative to the matter(s) involved in Client's Case (claims and/or defenses): legal representation in the above matter. (Important to the client is that): Case#
   _____.
   d. **Client Functions:** The Client agrees to perform: To pay the Counsel for the performance of such legal services, and to pay for all expenses incurred in connection therewith, as specified in Section II below. To cooperate fully with the Counsel and to provide all information known by or available to the Client, this may aid the Counsel in representing the Client in this Matter. Client understands that failure to properly disclose any relevant information could have serious legal consequences and agrees to hold the Counsel harmless for any such failure on the part of the Client.

B. **Authorization and Decision-Making:**
   i. The Client authorizes and directs the Counsel to take all actions that the Counsel deems advisable on the Client's behalf in this Matter. The Counsel agrees to notify the Client of all significant developments and to consult with the Client in advance as to any significant decisions attendant to those developments.
   ii. Client acknowledges that Client does hereby grant a specific Power of Attorney (POA) to Counsel, Nejla Lane of Lane Legal Services, P.C., as attorney in fact. Said, attorney-in-fact, Counsel shall have full power and authority to undertake and perform any and all acts on behalf of the Client including the power to discuss, disclose and/or execute any and all personal and/or financial information necessary to contract with business or conduct any affairs on behalf of the Client, including but not limited to executing drafts and other documents on the Client's behalf. The authority herein shall include such incidental acts as are reasonably required to carry out and perform the specific authorities granted herein. Counsel, Lane Legal Services, P.C. as attorneys-in-fact, agrees to accept appointments subject to its terms and agrees to act and perform in said capacity consistent with the Client's best interest and in his/her direction as counsel deems advisable. This POA is effective upon execution. This POA may be revoked by Client or

Counsel any time and shall automatically be revoked upon Client's death provided any person relying on this POA shall have full rights to accept and rely upon the authority of Counsel, as attorney-in-fact, until the receipt of actual notice of revocation.

iii. Client acknowledges that he/she is fully responsible and liable for any and all fees to Counsel. Should Client fail to pay fees in a timely manner said contract will be due immediately upon request. Should Client breach contract, Client shall be responsible for any and all court costs or fees associated with the collection of said fees due to Counsel.

C. **FEES:**
   a. Client agrees to pay counsel the following fees due as follows (**Check those which apply**):

   **Contingency Agreement: 25%** [x]
   25% on a contingency fee as follows: ~~33.33~~ % of the total recovered money **prior to expenses, prior to filing of the suit AFTER filing suit** ~~40~~ %. **ONLY upon recovery. NO recovery NO FEES!**

   b. **If the undersigned decides to remove, replace, seek new counsel or if the Counsel chooses to withdraw**, from the contingency agreement and/or any legal matter, Counsel will receive the hourly rate according section "c" plus any and all related expenses incurred by the firm, on your behalf, in this case, if no demand for settlement has been made. If a demand for settlement has been made then the attorney will receive ~~33 1/3~~% of the gross proceeds recovered by the undersigned, whether recovery is made in or out of court, by another attorney. The undersigned further agrees that the firm shall issue an **attorney's lien** to protect the firm's ~~33 1/3~~ % of the proceeds, should either of the aforementioned acts occur.

   c. **The attorney's fee is based upon the amount of time counsel devotes to your case.** You will be billed for all time spent on your case including but not limited to conferences, telephone calls, pretrial discovery, trial preparation, document drafting, correspondents, pleadings, negotiations, legal research, court time and travel time to and from locations away from our office. **Client acknowledges that he/she will be charged a minimum of $350.00 per hour for non-office time (i.e. court, depositions, research or trial time, and $300.00 per hour** for all office related legal work.

   d. **Retainer:** The client agrees to pay Counsel the following retainer before any work is to commence on the part of Counsel. Failure to pay the retainer will result in Counsel withdrawing from representations of client in this matter. In non-flat fee matters, any retainer that is not used during the course of this matter will be refunded to client except for the initial retainer, which is not refundable.

   e. **A Flat Fee Agreement is for attorneys' fees only** and covers only Attorney services and does **NOT include any court fees, filing fees, or travel expenses.**

   f. The Client understands that s/he is responsible **for all court costs, and other related out of pocket expenses** (experts, transcripts, mailing cost etc.) necessary to achieve this goal.

D. **OTHER FEES, CHARGES AND EXPENSES:**
   a. **Counsel** and all other necessary staff members **traveling** to and from court and/or necessary trips to court for filings, meetings, depositions etc. shall be reimbursed at **$350.00 per hour for travel time and related expenses.**
   b. **Legal Assistant and Law Clerk work shall be reimbursed at $175.00 per hour.**
   c. **Each telephone** call will be rounded to the next quarter hour or 15 minutes and the fee for such quarter hour shall be **¼ of office time (1/4 of $300.00)** for each 15 minutes.
   d. **After hour:** Each email/telephone call received and/or answered **after office hours (Monday through Friday after 5:00 PM)** or on weekends and holidays (Saturdays, Sundays & holidays) will be 30 minutes minimum of regular office time. **These calls will be considered emergencies.**
   e. **Each email** sent/received **during business hours** will be billed the same as answered telephone calls, **¼ of $300.00. (See paragraph d for after office hours).**

E. **SCHEDULE OF BILLING AND PAYMENTS:**
The Client and Counsel agree to the following schedule of billing and payments for fees and expenses:

5901 N. Cicero Ave, Ste. 101, Chicago, IL 60646-5717
Phone: 773.777.4440 | Fax: 1.866.444.4024
www.LaneLegalServices.com E-Mail: info@LaneLegalServices.com
Page _____ (Client Initials)

    a. The Client's fees, determined by the method described in this Agreement, along with other fees, charges, and expenses paid by the Counsel for the Client in this matter, will be billed **per agreement method either by monthly statements or after the completion of the case** or per agreement, and said funds will be withdrawn from a trust account from time to time if sufficient funds are on deposit.

    b. The Client agrees to pay in full the amount of each bill within five days of the billing date. Amounts not timely paid shall accrue interest at the rate of nine percent (9%) for each billing cycle.

    c. Failure on the part of the Client to pay the full amount due according to this agreement may result in Counsel's withdrawal from the Matter. Any such withdrawal will not affect Client's obligation to pay for all services rendered and all costs incurred on Client's behalf. This obligation to pay specifically includes any services rendered or costs incurred by Counsel after the discharge date.

**F. WITHDRAWAL:**

    a. Client agrees and understands that this type of case is extremely time consuming and that there is no guarantee as to chances of success. Accordingly, Counsel may withdraw from his/her case and return the file to the Client at Counsel's discretion, whenever it is their professional opinion that the chances for success do not justify going forward. Likewise, Client may discharge counsel at any time for any reason with the understanding that any outstanding fees, in addition to the minimum nonrefundable fees, remains the property of Counsel. In the event that the Client terminates this agreement, the firm shall be entitled to recover from the Client all costs, expenses, and reasonable attorneys' fees for the work performed up until the time of termination.

    b. This agreement shall be enforced pursuant to the laws of the State of Illinois.

    c. This agreement shall be binding on all parties and heirs and shall be enforceable by Nejla Lane/Stephen LeBrocq of Lane Legal Services, P.C. and/or their heirs.

**IT IS UNDERSTOOD, AND CLIENT ACKNOWLEDGES,** THAT NO WORK SHALL BEGIN, ON the PART OF COUNSEL, UNTIL ALL FEES ARE PAID IN FULL OR UNTIL SOME OTHER ARRANGEMENTS ARE MADE, IN WRITING AND AGREED UPON BY THE CLIENT AND COUNSEL. This employment is accepted upon the stated terms. If this contract is terminated sooner, then the Counsel will deduct any and all reasonable fees for work already completed and will return the unused portion of the payment. I, the client, understand that by accepting this case, my Counsel gives <u>no guarantees</u>. No claim is made that the Counsel has any special relationship with the government, which might influence this claim.

I understand I am responsible for all court costs, and other expenses necessary to achieve my goal. Any costs regarding my tax status are my responsibility and are not a part of this contract. <u>All costs and settlement will be discussed with me before my attorney incurs them, if possible.</u>

I understand that by accepting this Contract, Lane Legal Services, P.C., give **no guarantees**. All Civil, Criminal and Immigration matters are controlled by the State or Federal Laws and Government; we make no claim that we have any special relationship with the government which might influence this claim.

**BY SIGNING BELOW, CLIENT ACKNOWLEDGES THAT HE/SHE HAS READ AND UNDERSTOOD THIS CONTRACT AND AGREES TO ITS TERMS ACCORDINGLY.**

Signed _____
       Client's Name (Client) Ebru Karapinar

Signed _____
       Nejla K. Lane / Stephen K. Le Brocq / Nicholas R. Lange